APONTE, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

No. 436.—Decided November 25, 1919.

RECORD OF TITLE—NOTARIAL LAW—SIGNATURES OF ILLITERATES.—The registrar refused to record a deed of purchase and sale ''because the said document is not signed in accordance with section 14 of the Notarial Law, for the notary states that the vendors did not know how to sign and that the instrumental witness Onofre Aponte signed in their names, but in so signing the witness failed to state the names and surnames of the vendors in whose names

he signed, which is not a fulfillment of the requirements of the statute. * '* * '' *Held:* That such omission constitutes no defect. The vendors specified in the deed being only two and neither of them knowing how to sign, there is no ambiguity.

The facts are stated in the opinion.

*Mr. Rafael Arce* for the appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a deed of sale in which the purchaser signed *propria persona;* but not so the grantors. The attesting clause of the notary recites: ''The deed being read, inasmuch as the parties renounced, on being told thereof, the right to read it for themselves, they ratify and sign, exception made of the grantors who said that they did not know how to do so (sign), and the instrumental witness, Onofre Aponte, doing so for them.'' The grantors, as recited in the deed, were two, namely, Francisco Martínez Montanez and Justina Hernández, his wife. The registrar refuses to record the instrument because the instrumental witness does not give the names and surnames of the grantors for whom he signs. In other words, the registrar maintains that to say that the instrumental witness signed in the names of the grantors is not enough, but that their specific names should have been set forth in the attesting clause above recited. We might see some force in this objection if the grantors had been more than two and it had been necessary to specify which of them did not know how to write, but here it is the two only grantors who cannot write. There is no possible ambiguity where the plural word ''grantors'' is used and it turns out in the deed that there are only two. The instrumental witness heard the deed read and necessarily knew to whom the word ''grantors'' exclusively referred. *Certum est quod certum reddi potest.* The note must be

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.